## United States District Court
### District of Massachusetts

```
_____
                               )
JOSEPH C. HUGAL,               )
                               )
          Petitioner,          )
                               )
     v.                        )
                               )      Civil Action No.
EDWARD DOLAN,                  )      18-10427-NMG
                               )
          Respondent.          )
_____    )
```

### MEMORANDUM & ORDER

**GORTON, J.**

Joseph Hugal ("Hugal" or "petitioner") filed a petition for writ of habeas corpus against Edward Dolan, the Massachusetts Commissioner of Probation, ("Dolan" or "respondent"), pursuant to 28 U.S.C. § 2254. Petitioner, who is currently not in state custody, claims that his sentence of lifetime probation violates the state statutes of conviction and several of his constitutional rights.[1] Before this Court are petitioner's motion for summary judgment and respondent's motion to dismiss the habeas petition as time-barred.

---

[1] While neither party raises the issue of whether a person not in state custody can file a habeas petition pursuant to § 2254, the Court assumes, for present purposes, that a person released on probation can do so.

## I.    Background

In March, 1999, Hugal pled guilty to a four-count indictment in Norfolk Superior Court which charged him with assault with intent to murder, assault and battery by means of a dangerous weapon, assault by means of a dangerous weapon and mayhem.  That same day, the Superior Court sentenced him to seven to nine years in state prison for the charge related to armed assault with intent to murder and to lifetime probation with respect to the other three charges.  In June, 2004, petitioner was released from state custody after receiving credits for previous jail time and he commenced his term of lifetime probation.

In 2006, petitioner's probation was transferred to Florida at his request.  In July, 2008, petitioner filed a motion to modify the terms of his probation which was denied.  In September, 2009, he filed another motion to modify the terms of his probation and in April, 2010, he filed a motion to leave the United States.  The court did not rule on either of those motions.  In June, 2011, petitioner filed motions to terminate and modify his probation which were denied.  In November, 2014, he filed another motion to terminate his probation which the Superior Court denied in March, 2015.  Thereafter, Hugal filed an appeal to the Massachusetts Appeals Court which affirmed the order denying the motion to modify or terminate probation in

February, 2016.  He then filed an application for leave to obtain further appellate review which was denied by the Massachusetts Supreme Judicial Court.

In October, 2016, petitioner filed a motion to correct illegal sentence.  The Superior Court denied that motion in December, 2016.  Hugal appealed and the Massachusetts Appeals Court affirmed the denial of that motion in November, 2017.  In February, 2018, the Massachusetts Supreme Judicial Court again denied petitioner's application for leave to obtain further appellate review.

In March, 2018, Hugal filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254.  In that petition, he alleges that his term of lifetime probation is an illegal sentence because 1) none of the charges for which he was convicted carry a life sentence and 2) it violates his due process rights, his right to interstate travel and his right to be free from double jeopardy.  In May, 2018, petitioner filed a motion for summary judgment.  A few weeks later, respondent filed a motion to dismiss, asserting that petitioner's claim was time-barred because it was not filed within the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1).

## II.  Motion to Dismiss

### A.  Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000).  Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).  Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B.  Section 2254 Habeas Petition

A person in custody pursuant to the judgment of a state court may file an application for a writ of habeas corpus on the grounds that "he is in custody in violation of the Constitution or laws or treaties of the United States". § 2254(a).  The AEDPA provides that such a petition must be brought within one year

-4-

from the date on which the state court judgment becomes final
either "by the conclusion of direct review or the expiration of
the time for seeking such review". § 2244(d)(1)(A).

Under Massachusetts law, the entry of a guilty plea is a
final judgment of conviction that begins the running of the
limitations period. See Turner v. Massachusetts, Civil Action
No. 12-12192-FDS, 2013 WL 3716861, at *2 (D. Mass. July 11,
2013); Commonwealth v. Cabrera, 874 N.E.2d 654, 659 (Mass. 2007)
("A guilty plea, once accepted, leads to a final judgment of
conviction; like a verdict of guilty, it is conclusive."); see
also Bermudez v. Roden, Civil Action No. 14-10257-IT, 2016 WL
4007553, at *2 (D. Mass. July 26, 2016) (explaining that "[i]n
Massachusetts, a Rule 30(b) motion [for a new trial] is the
proper way to challenge a guilty plea . . . [and] [i]n this
District, a majority of courts have . . . treated the motions as
seeking collateral, rather than direct, review" (collecting
cases)).

While a properly filed application for state post-
conviction or collateral review tolls the limitations period,
those motions for post-conviction relief "cannot revive a time
period that has already expired". Cordle v. Guarino, 428 F.3d
46, 48 n.4 (1st Cir. 2005) (quoting Dunker v. Bissonnette, 154
F. Supp. 2d 95, 103 (D. Mass. 2001)); see also § 2244(d)(2).
The one-year limitations period, however, may also be tolled on

equitable grounds. Holland v. Florida, 560 U.S. 631, 645 (2010). The petitioner bears the burden of establishing that he is entitled to equitable tolling. Delaney v. Matesanz, 264 F.3d 7, 14 (1st Cir. 2001).  The petitioner must establish that 1) "he has been pursuing his rights diligently" and 2) "some extraordinary circumstances stood in his way and prevented timely filing". Holland, 560 U.S. at 650 (internal quotation marks omitted); see also Holmes v. Spencer, 822 F.3d 609, 611 (1st Cir. 2016).  Application of the equitable tolling doctrine is justified only in rare occasions. See Riva v. Ficco, 615 F.3d 35, 39 (1st Cir. 2010).

### C.  Application

Even assuming that a petitioner can challenge his sentence of probation after he has been released from state custody, Hugal did not timely file his habeas petition.  He entered a plea of guilty in March, 1999.  Respondent submits that there is a split among the courts in this District with respect to whether the judgment of conviction becomes final immediately upon entry of the guilty plea or 30 days thereafter pursuant to Mass. App. R. 4(b).  Even if the Court were to conclude that the limitations period begins to run after the 30-day period for a notice of appeal, however, Hugal's habeas petition would still be untimely.  At the latest, the one-year limitation period

expired in April, 2000.  Hugal did not file his habeas petition until nearly 18 years later.

Furthermore, the filing of motions by petitioner to modify and/or terminate his probation in 2008 and thereafter does not extend the one-year limitations period.  Even if those motions qualified as properly filed applications for state post-conviction relief or other collateral review pursuant to § 2244(d)(2), they were not filed within the one-year limitations period and thus do not toll the period for the filing of a habeas petition nor do they reset the limitations period.

Finally, petitioner has provided no factual basis for concluding that he is entitled to equitable tolling.  Hugal did not pursue his rights diligently, as evidenced by the fact that his first filing related to his probation was made over nine years after his date of conviction.  Hugal also does not identify any extraordinary circumstances that would have prevented him from filing his habeas petition timely.  He suggests in his petition that he "was heavily medicated on strong psychiatric drugs and was incapacitated" but that claim is too vague to satisfy petitioner's heavy burden of proving extraordinary circumstances. See Riva, 615 F.3d at 40 ("Mental illness does not per se toll the AEDPA limitations period . . . [but rather] [t]here must be some causal link between a

-7-

petitioner's mental illness and his ability seasonably to file for habeas relief."). Moreover, petitioner's claim of incapacitation is contradicted by the statements in his July, 2008, motion to modify his probation in which he asserted that

> [h]is mental health is stable and has been improving since his arrest and introduction to medication over twelve years ago . . . [and thus he should be permitted] to travel and possibly work in Europe.

Petitioner also contends that he was "indigent and had to learn the law". Ignorance of the law, even for incarcerated pro se prisoners, is not an excuse for untimely filing. Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002).

Accordingly, the Court concludes that Hugal's petition for writ of habeas corpus is time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A) and therefore that petition will be denied.

### ORDER

For the foregoing reasons,

1) respondent's motion to dismiss (Docket No. 18) is **ALLOWED** and the petition for writ of habeas corpus is **DISMISSED** and

2) petitioner's motion for summary judgment (Docket No. 13) is **DENIED** as moot.

**So ordered.**

_/s/ Nathaniel M. Gorton_____
Nathaniel M. Gorton
United States District Judge

Dated December 17, 2018